IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AHMED SALEM GHONEIM,

Petitioner,

v.

TYLER EDWARDS, PETER BERG, DAVID J. VENTURELLA, MARKWAYNE MULLIN, and TODD BLANCHE,

Respondents.

OPINION and ORDER

26-cv-757-jdp

Petitioner Ahmed Salem Ghoneim is a citizen of Egypt, but he has resided in the United States since 2024. In August 2026, Ghoneim was detained by Minnesota's Itasca County Sheriff's Department, which transferred custody to the Department of Homeland Security. Ghoneim is currently detained at the Douglas County jail in Superior, Wisconsin.

Ghoneim has applied for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, contending that federal respondents are unlawfully detaining him without giving him a bond hearing. In *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), the court of appeals held that noncitizens present in the country without admission and not "seeking admission" are subject to 8 U.S.C. § 1226 and are eligible for bond hearings. 183 F.4th at 915. Federal respondents concede that Ghoneim is entitled to a bond hearing under § 1226(a). Dkt. 7, at 3–4.[1] The court will therefore grant Ghoneim's petition for a writ of habeas corpus and order federal respondents to provide him with a bond hearing within seven days of the date of this order.

The court briefly addresses two other points.

[1] The jail administrator, Tyler Edwards, did not respond to the court's order to show cause, Dkt. 2, so he has forfeited any objections to the petition.

First, Ghoneim initially asserted that his petition was limited to the statutory issue of whether he is subject to 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). Dkt. 1, at 1. But in his reply, Ghoneim argues that his detention also violates his right to due process. Dkt. 8, at 3–5. Ghoneim forfeited this argument by raising it for the first time in his reply. *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

Second, in his reply, Ghoneim argues that the court's order granting his petition should include a direction that, at the bond hearing, the government bears the burden to show by clear and convincing evidence that Ghoneim's continued detention is necessary to prevent a risk of flight or a threat to public safety. Dkt. 8, at 4–5. But the burden of proof rests on the noncitizen in bond hearings under § 1226. *Cirrus Rojas*, 183 F.4th at 917. Ghoneim contends that his case is different than *Cirrus Rojas* because he is asserting a due-process claim, but again, Ghoneim forfeited his due-process arguments by failing to raise them in his petition. The court will deny Ghoneim's request to place the burden of proof on the government.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Ahmed Salem Ghoneim, Dkt. 1, is GRANTED.

2. Within seven days, federal respondents shall either provide Ghoneim with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) or release him.

3. The clerk of court is directed to enter judgment for petitioner and close this case.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge